UNITED STATES DISTRICT COURT

DISTRICT FOR THE DISTRICT OF COLUMBIA

PALETERIA LA MICHOACANA, INC., a
California corporation,

      2068 Lapham Drive
      Modesto, CA 95354

              Plaintiff,

v.

PRODUCTOS LACTEOS TOCUMBO S.A. DE
C.V., a Mexican corporation,

              Defendant.

Case: 1:11-cv-01623
Assigned To : Roberts, Richard W.
Assign. Date : 9/8/2011
Description: Admn Agency Review

## COMPLAINT

Plaintiff Paleteria La Michoacana, Inc. ("PLM" or "Plaintiff"), as its complaint against

Defendant Productos Lacteos Tocumbo S.A. de C.V. ("PLT" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action seeking judicial review of a final decision of the Trademark Trial

and Appeal Board ("TTAB"), an administrative agency of the United States Patent and

Trademark Office ("USPTO"), under 15 U.S.C. § 1071(b)(1).

2.      On May 20, 2011, a TTAB panel granted Defendant's Petition for Cancellation of

Plaintiff's registration for its LA INDITA MICHOACANA and Indian Girl Design trademark in

conjunction with "ice cream and fruit ice products, namely, fruit bars," in International Class 30,

U.S. Registration No. 3,210,304 ("LA INDITA MICHOACANA and Indian Girl Design Mark").

The panel found that Defendant had priority of use of the following three trademarks which each

gave rise to a likelihood of confusion with Plaintiff's registered LA INDITA MICHOACANA

and Indian Girl Design Mark:  (1) the terms LA MICHOACANA NATURAL; (2) the terms LA

MICHOACANA NATURAL displayed with a Butterfly Design ("LA MICHOACANA

sf-3042045

1  NATURAL and Butterfly Design Mark"); (3) the design of an Indian girl in traditional clothing

2  holding an ice cream (Defendant's "Indian Girl Design Mark"); and (4) the word mark LA

3  MICHOACANA.  The TTAB panel denied Plaintiff's Motion for Reconsideration on July 13,

4  2011.

5                                        **PARTIES**

6          3.      Plaintiff is a corporation organized and existing under the laws of the state of

7  California with its principal place of business at 2068 Lapham Drive, Modesto, California 95354.

8          4.      Upon information and belief, Defendant is a corporation organized and existing

9  under the laws of Mexico with its principal place of business at Benito Juarez No. 37 Segunda

10  Seccion Ampliacion Delegacion, Tlalpan, Mexico City, Mexico 14250.

11                                     **JURISDICTION**

12          5.      This is an action for judicial review by civil action of a final decision of the TTAB

13  under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1).

14          6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

15  §§ 1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C.

16  §§ 1071(b)(1) and 1121.

17          7.      Defendant is subject to personal jurisdiction in the District of Columbia under 15

18  U.S.C. § 1071(b)(4) because it is a foreign corporation that instituted the cancellation action

19  before the TTAB to be reviewed in this action.

20                               **GENERAL ALLEGATIONS**

21                               **PLM And Its Trademarks**

22          8.      PLM produces and distributes ice cream bars known as "paletas" and other ice

23  cream and frozen fruit products of a type originating from and made famous in the state of

24  Michoacan in Mexico.  PLM is one of the leading providers of Hispanic-oriented ice cream and

25  frozen treats in the United States, distributing its products across California, the Pacific

26  Northwest, the Intermountain West, and the Midwest.  PLM and its predecessors-in-interest have

27  produced and distributed paletas and other ice cream and frozen fruit treats in the United States

28  since 1991.  Drawing on the significance of the Michoacan region for its products, PLM and its

1    predecessors-in-interest, have used the term MICHOACANA in trade names and trademarks in

2    the United States since 1991.

3           9.      Throughout Mexico, producers of paletas and related ice cream and frozen-fruit

4    treats have used and continue to use various images of a little Indian girl, dressed in traditional

5    clothing, and holding a paleta or other ice cream treat in connection with their ice cream and

6    frozen treat products, and have done so for decades.  Drawing on this tradition, PLM began using

7    a stylization of a drawing of an Indian girl holding an ice-cream bar as a trademark in connection

8    with its paletas and frozen treats in the United States in 1994, and it has used this design and

9    various permutations of this design in this manner since that time.

10          10.     In 1994 PLM launched its use of the following Indian girl design trademark

11   (PLM's "1994 Indian Girl Design Mark") in connection with its paletas and frozen treat business:

12
13

14

15          11.     PLM has used and continues to use the 1994 Indian Girl Design mark in

16   connection with its products to date.  PLM owns a valid and subsisting registration for the 1994

17   Indian Girl Design at USPTO, U.S. Registration No. 2905172, covering "[i]ce cream; fruit ices"

18   in International Class 30, with a first-use date of April 1994.

19          12.     In 1995 PLM began use of, and continues to use to date, the following second

20   Indian girl design mark (PLM's "1995 Indian Girl Design Mark") in connection with its paletas

21   and frozen treat business in the United States:

22
23

24

25   PLM owns a valid and subsisting registration for its 1995 Indian Girl Design Mark, U.S.

26   Registration No. 2,968,652, covering "[i]ce cream; fruit ices" in International Class 30, with a

27   first-use date of January 1995.  U.S. Registration No. 2,968,652 is incontestable.

28

sf-3042045

3

13.     In 2004, PLM revised its 1994 and 1995 Indian Girl Design Marks, again seeking
to suggest the Hispanic-directed nature of its products by drawing on images being used on a
widespread basis by various unrelated third parties in Mexico in connection with the sale of
paletas and frozen fruit products.  PLM incorporated the revised Indian girl design into the LA
INDITA MICHOACANA and Indian Girl Design Mark at issue in these proceedings:



PLM began using the logo containing the revised girl design in connection with its paletas and
frozen fruit treat business in the United States in February 2005.

14.     On June 28, 2005, PLM applied to register the LA INDITA MICHOACANA and
Indian Girl Design Mark incorporating this revised Indian girl design, in conjunction with "ice
cream and fruit ice products, namely, fruit bars," in International Class 30, citing a first-use date
of February 21, 2005.  On February 20, 2007, the USPTO registered the mark, U.S. Registration
No. 3,210,304.

15.     PLM's trademarks, including the 1994 Indian Girl Design Mark, the 1995 Indian
Girl Design Mark, and the LA INDITA MICHOACANA and Indian Girl Design Mark, together
with MICHOACANA-based marks and trade name are widely-recognized in the United States as
source indicators of the ice cream and frozen fruit treats produced and distributed by PLM.

## Defendant And Its Trademarks

16.     Plaintiff is informed and believes and on that basis alleges that Defendant is a
business located in Mexico, engaged in various activities in Mexico, including the distribution of
products and machinery used in the production of ice cream.

17.     Plaintiff is further informed and believes, and on that basis alleges that Defendant
and one of its directors own trademark registrations in Mexico for a number of marks, including

1    the words LA MICHOACANA NATURAL and the words LA MICHOACANA NATURAL

2    coupled with a butterfly and paleta design, all in connection with ice cream and related products.

3        18.    Plaintiff is further informed and believes and on that basis alleges that Defendant

4    does not own any trademark registration or application in Mexico covering any design of a girl

5    holding an ice cream, popsicle, or any other frozen treat.

6        19.    Defendant claims to have entered into licensing arrangements, dating to April

7    2001, with certain individuals for the licensing in the United States of its FLOR DE

8    MICHOACAN, LA MICHOACANA NATURAL, and LA MICHOACANA marks, as well as an

9    Indian Girl design, in connection with the production and sale of ice cream products.

10       20.    During the proceedings below, Defendant identified two individuals, one of whom

11   was acknowledged to be the brother of one of Defendant's directors, as the only licensees of these

12   marks in the United States and claimed that both men had used the marks pursuant to this

13   licensing arrangement in Florida since 2001.

14       21.    On April 18, 2001, Defendant filed at the USPTO intent-to-use applications to

15   register the LA FLOR DE MICHOACAN word mark and the LA MICHOACANA NATURAL

16   and Design Mark purportedly licensed by Defendant at that time for use in the United States in

17   conjunction with ice cream products.  In December 2003, Defendant filed a statement of use in

18   connection with the LA FLOR DE MICHOACAN mark, claiming a first-use date of April 20,

19   2001.  The LA FLOR DE MICHOACAN word mark proceeded to registration, U.S. Registration

20   No. 2,830,401 and the filing for LA MICHOACANA NATURAL and Design Mark was

21   abandoned in 2002.

22       22.    Defendant did not file any applications in 2001 for a design of a girl despite the

23   fact that the purposed license agreements included reference to a La Indita Design as one of the

24   marks to be licensed.

25       23.    Defendant made no further trademark filings in the United States until December

26   8, 2005, when it filed an application to register a mark consisting of the words LA FLOR DE

27   MICHOACAN together with a swirling line and butterfly design (collectively with the previous

28   LA FLOR DE MICHOACAN mark "LA FLOR DE MICHOACAN Marks") in conjunction with

sf-3042045

1  various goods and services in International Classes 16, 21, 25, 29, 32, 35, and 43, U.S.

2  Registration No. 3,249,113:



7      24.     On December 12, 2005, six-months after Plaintiff filed its own application for the

8  LA INDITA MICHOACANA and Indian Girl Design Mark, and more than five-and-a-half years

9  after allegedly entering into the purported licensing arrangement which Defendant claims to have

10  included a license to use Defendant's Indian Girl Design Mark in the United States, Defendant

11  filed a trademark application with the USPTO seeking to register Defendant's Indian Girl Design

12  Mark in conjunction with "[c]ones for ice cream; [f]lavored ices; [f]rozen yoghurt; [f]ruit ice;

13  [f]ruit ice bar; [f]ruit ices; [i]ce; [i]ce candies; [i]ce cream; [i]ce cream drinks; [i]ce cream mixes;

14  [i]ce cream powder; [i]ce cubes; [i]ce milk bars; [i]ce-cream cakes" in International Class 30, as

15  well as various goods and services in International Classes 16, U.S. Serial No. 78,771,243:



20  Defendant claimed first use of the mark in commerce in April 2001.  Defendant submitted

21  specimens with this filing that it claimed under oath represent current use of the mark on such

22  products in commerce in the United States.

23      25.     During the prosecution of the application to register Defendant's Indian Girl

24  Design Mark, on June 14, 2006, the USPTO cited Plaintiff's LA INDITA MICHOACANA and

25  Indian Girl Design Mark as a barrier to registration based on a likelihood of confusion between

26  the two marks due to the similar girl designs.  On December 13, 2006, Defendant responded to

27  the citation of Plaintiff's mark by arguing that there was no risk of confusion between the marks

28  due to the presence of the terms LA INDITA and MICHOACANA in Plaintiff's marks, and other

1    visual differences between the marks.  Defendant did not at this time alert the USPTO to any

2    claimed priority in the use of the Indian Girl Design Mark, or seek to contact Plaintiff to object to

3    the use of Plaintiff's LA INDITA MICHOACANA and Indian Girl Design Mark based on

4    Defendant's alleged priority in use of the mark.

5        26.     On August 17, 2006, Defendant filed an application at the USPTO seeking to

6    register its LA MICHOACANA NATURAL and Butterfly Design Mark in conjunction with

7    "[c]ones for ice cream; [f]lavored ices; [f]rozen yoghurt; [f]ruit ice; [f]ruit ice bar; [f]ruit ices;

8    [i]ce; [i]ce candies; [i]ce cream; [i]ce cream drinks; [i]ce cream mixes; [i]ce cream powder; [i]ce

9    cubes; [i]ce milk bars; [i]ce-cream cakes" in International Class 30 and "[r]etail shops featuring

10   ice cream, fruit bars, drinks and snacks; [r]etail stores featuring ice cream, fruit bars, drinks and

11   snacks" in International Class 35, claiming a first use of the mark in commerce in February 2002,

12   U.S. Serial No. 78,954,490:



17       27.     Plaintiff's U.S. Registration No. 3,210,304 for the LA INDITA MICHOACANA

18   and Indian Girl Design Mark was again cited against Defendant's later LA MICHOACANA

19   NATURAL and Butterfly Design Mark filing as a bar to registration.  Rather than arguing that the

20   marks should coexist as Defendant had done when the LA INDITA MICHOACANA and Indian

21   Girl Design Mark was cited against Defendant's Indian Girl Design Mark filing, Defendant this

22   time responded to the examiner with notice that it would be seeking to cancel Plaintiff's LA

23   INDITA MICHOACANA and Indian Girl Design Mark.

24       28.     On April 27, 2007, Defendant filed the Petition to Cancel Plaintiff's registration

25   for the LA INDITA MICHOACANA and Indian Girl Design Mark, citing its prior use of the LA

26   MICHOACANA trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark,

27   the LA FLOR DE MICHOACAN Marks and a LA MICHOACANA trademark, Cancellation No.

28

1 | 92047438 ("Cancellation Action").  Defendant did not cite any rights in, or make any reference to

2 | any use of or filing for, Defendant's Indian Girl Design Mark in the Petition to Cancel.

3 |      29.    Shortly after filing the Cancellation Action, Defendant also sent Plaintiff a cease

4 | and desist letter, demanding that Plaintiff cease use of the LA INDITA MICHOACANA and

5 | Indian Girl Design Mark, citing only Defendant's rights in the LA MICHOACANA NATURAL

6 | trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark, the LA FLOR DE

7 | MICHOACAN Marks, and the LA MICHOACANA trademark, but again making no mention of

8 | Defendant's use or filing for Defendant's Indian Girl Design Mark.

9 | **TTAB Proceeding**

10 |      30.    To support its claim that it used Defendant's Indian Girl Design Mark and other

11 | marks in the United States in 2001, Defendant admitted that it had made no use of the marks itself

12 | and relied upon oral testimony from two individuals whom it claimed were licensees of the

13 | various marks, both of whom claimed to have used the marks in connection with their ice cream

14 | businesses in Florida continuously since 2001.

15 |      31.    The details of the oral testimony of these licensees regarding use of the LA

16 | MICHOACANA NATURAL trademark, the LA MICHOACANA NATURAL and Butterfly

17 | Design Mark, the LA FLOR DE MICHOACAN Marks, the LA MICHOACANA trademark, and

18 | Defendant's Indian Girl Design Mark in the United States were contradicted by physical evidence

19 | presented by both Defendant and Plaintiff in the proceedings below, and by Defendant's failure to

20 | introduce any physical evidence to corroborate the existence of the claimed licensing

21 | arrangement.

22 |      32.    The evidence supporting Defendant's claim to have used Defendant's Indian Girl

23 | Design Mark via these licensees in the United Stateswas notably weaker than the already weak

24 | evidence introduced to support the claimed licensing of the other marks.  Defendants introduced

25 | no physical evidence demonstrating use of Defendant's Indian Girl Design by itself or its

26 | licensees prior to the date that Plaintiff filed its application to register its LA INDITA

27 | MICHOACANA and Indian Girl Design Mark.

28 |

33.     Despite the weak and uncorroborated nature of the oral testimony regarding the use of Defendant's Indian Girl Design Mark in the United States, the TTAB granted the Petition for Cancellation on May 20, 2011, finding that Defendant had established priority of use of Defendant's Indian Girl Design Mark and further concluding that there was a likelihood of confusion between Plaintiff's LA INDITA MICHOACANA and Indian Girl Design Mark and Defendant's Indian Girl Design Mark.  Although the TTAB also found that Defendant had established priority in the use of its LA FLOR DE MICHOACAN Marks, it concluded that there was no likelihood of confusion between the LA FLOR DE MICHOACAN Marks and Plaintiff's LA INDITA MICHOACANA and Indian Girl Design Mark.

34.     The TTAB further found that Defendant had established priority of use in the LA MICHOACANA NATURAL trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark and the LA MICHOACANA trademark.  It concluded that there was a likelihood of confusion between those marks and Plaintiff's LA INDITA MICHOACANA and Indian Girl Design Mark due to the overlap of the term "Michoacana," despite the fact that Plaintiff introduced evidence noting the meaning of the MICHOACANA term in the context of Hispanic ice cream products, and further presented evidence in the form of several trademark registrations coexisting at the USPTO for various food products directed to the Hispanic community that include the term MICHOACANA.

35.     A copy of the TTAB decision in the Cancellation Action is attached hereto as Exhibit A.  On July 13, 2011, the TTAB panel denied a Motion for Reconsideration filed by PLM.  A copy of that decision is attached hereto as Exhibit B.  Plaintiff believes that the TTAB's decisions are erroneous and hereby appeals.

### Plaintiff's Challenges To The TTAB Ruling

36.     Plaintiff maintains that the decision of the TTAB granting the Petition for Cancellation is erroneous and not supported by substantial evidence because Defendant did not and cannot establish that it has priority of use of Defendant's Indian Girl Design Mark in the United States because (1) there is insufficient evidence of any such use; (2) the oral evidence presented on this topic is weak and contradicted; (3) even if such use could be proven, Defendant

1  subsequently abandoned the Indian Girl Design Mark prior to the filing of the Petition to Cancel;

2  and (4) the purported use was via an uncontrolled licensing arrangement and therefore cannot be

3  relied upon to establish priority.

4       37.    The decision is further erroneous and not supported by substantial evidence to the

5  extent it finds that Defendant established priority with respect to its LA FLOR DE

6  MICHOACAN Marks, LA MICHOACANA NATURAL trademark, LA MICHOACANA

7  NATURAL and Butterfly Design Mark, and LA MICHOACANA trademark because (1) there is

8  insufficient evidence to establish such prior use; (2) Defendant's oral evidence on this issue is

9  weak and contradicted; (3) even if such use could be proven, Defendant subsequently abandoned

10  these marks prior to the filing of the Petition to Cancel; and (4) the purported use was via an

11  uncontrolled licensing arrangement and therefore cannot be relied upon to establish priority.

12       38.    The decision of the TTAB is further erroneous and not supported by substantial

13  evidence to the extent it finds that Plaintiff's LA INDITA MICHOACANA and Indian Girl

14  Design Mark is confusingly similar to Defendant's LA MICHOACANA NATURAL trademark,

15  LA MICHOACANA NATURAL and Butterfly Design Mark, LA MICHOACANA word mark,

16  or any LA MICHOACANA trademark allegedly owned or used by Defendant, given that the term

17  MICHOACANA is geographically descriptive of ice cream products directed to the Hispanic

18  market of the type sold by Plaintiff and is highly diluted and weak as a term used in connection

19  with ice cream and ice cream-related products directed to the Hispanic community, due to the

20  widespread use of the term by third parties throughout the United States, and is therefore not a

21  source indicator for those goods.

22       39.    Plaintiff will present this court with substantial further evidence to support the

23  conclusion that the term MICHOACAN is descriptive, and weak and dilute in connection with

24  Hispanic-directed ice cream and related products and services, as well as further evidence to

25  demonstrate the contradictions and inconsistencies surrounding Defendant's oral testimony

26  regarding its licensing of its trademarks, including Defendant's Indian Girl Design Mark, in the

27  United States prior to Plaintiff's use and filing of its application to register its LA INDITA

28  MICHOACANA and Indian Girl Design Mark.

10

40.     PLM seeks review of the TTAB findings of fact in the Cancellation Action as well as *de novo* review of the TTAB's findings of law, and the new evidence and claims to be presented by Plaintiff pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071.

## CAUSES OF ACTION

## COUNT 1

### REQUEST FOR REVERSAL OF TTAB DECISION AND DENIAL OF DEFENDANT'S PETITION FOR CANCELLATION OF PLAINTIFF'S LA INDITA MICHOACANA AND INDIAN GIRL DESIGN TRADEMARK, U.S. REGISTRATION NO 3,210,304

41.     Plaintiff realleges and incorporates herein Paragraphs 1 through 40 of this Complaint.

42.     Plaintiff is dissatisfied with the decision of the TTAB and its erroneous conclusion that Defendant had priority of use in the LA MICHOACANA NATURAL and Butterfly Design Mark, LA FLOR DE MICHOACAN Marks, Defendant's Indian Girl Design Mark, and the LA MICHOACANA trademark, given that Defendant failed to introduce sufficient evidence to support its claim of priority with respect to each of these marks.

43.     Even if Defendant has introduced sufficient evidence of its licensees' use of certain of these marks in the United States, there is insufficient evidence of its licensees' use of Defendant's Indian Girl Design Mark in the United States to support the TTAB's finding that Defendant had established priority with respect to the use of this mark.

44.     Even if Defendant has introduced sufficient evidence of its licensees' use of certain of these marks in the United States, PLM is informed and believes and on that basis alleges that Defendant abandoned use of such marks prior to the filing of the cancellation action.

45.     Defendant's licensing of the purportedly licensed marks in the United States constituted naked licensing and therefore does not give rise to a claim of use on behalf of Defendant.

46.     There was and is no likelihood of confusion between Plaintiff's LA INDITA MICHOACANA and Indian Girl Design Mark and Defendant's LA MICHOACANA

1   NATURAL trademark, LA MICHOACANA NATURAL and Butterfly Design Mark, LA

2   MICHOACANA word mark, or any LA MICHOACANA trademark allegedly owned or used by

3   Defendant given the geographically descriptive nature of the term MICHOACANA when used in

4   connection with ice cream of the type and style sold by Plaintiff in the United States, and the

5   weak and diluted nature of the term resulting from the widespread use of the term by unrelated

6   third parties in the United States in connection with ice cream products of this type and style.

7       47.     Accordingly, the TTAB decision of May 20, 2011 should be reversed and vacated,

8   and an order should be entered directing the USPTO to reverse its decision and deny Defendant's

9   Petition for Cancellation of Plaintiff's Unites States Registration No. 3,210,304 for its LA

10  INDITA MICHOACANA and Indian Girl Design Mark, Cancellation No. 92047438.

11                          **COUNT 2**

12  **DECLARATORY JUDGMENT OF NONINFRINGEMENT (15 U.S.C. § 1051 et seq.)**

13      48.     Plaintiff realleges and incorporates herein Paragraphs 1 through 47 of this

14  Complaint.

15      49.     There is an actual, present and justiciable controversy between the parties

16  regarding whether the presence of the term MICHOACANA in Plaintiff's LA INDITA

17  MICHOACANA and Indian Girl Design Mark in connection with Hispanic-directed ice cream

18  products give rise to a risk of confusion.

19      50.     Plaintiff seeks a declaration from this Court that there is no likelihood of confusion

20  between its LA INDITA MICHOACANA and Indian Girl Design Mark and the LA

21  MICHOACANA trademark, the LA MICHOACANA NATURAL trademark, and the LA

22  MICHOACANA NATURAL and Butterfly Design Mark allegedly owned and used by Defendant

23  due to the overlap of the term MICHOACANA given that the term MICHOACANA is

24  geographically descriptive of the type of ice cream products sold by Plaintiff and Defendant, and

25  is further weak and diluted as a result of the widespread use of the marks by unrelated third

26  parties in connection with the sale of ice cream.

27

28

## COUNT 3

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

51.    PLM realleges and incorporates herein Paragraphs 1 through 50 of this Complaint.

52.    Plaintiff owns valid and subsisting registrations for its 1994 and 1995 Indian Girl Design Marks, seeks reversal in this action of the TTAB's decision to cancel its registration for its LA INDITA MICHOACANA and Indian Girl Design Mark, and thus continues to have valid and subsisting rights in that registration as well.

53.    Defendant and its licensees claim to be using Defendant's Indian Girl Design Mark in the United States in connection with ice cream products.

54.    Defendant cannot establish continuous use of Defendant' Indian Girl Design Mark in the United States prior to the filing by Plaintiff of its LA INDITA MICHOACANA and Indian Girl Design Mark and Plaintiff's filings for its 1994 and 1995 Indian Girl Design Marks.

55.    To the extent Defendant or anyone authorized by Defendant is using Defendant's Indian Girl Design Mark in the United States in connection with ice cream and/or related products, such use is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant's Indian Girl Design Mark with Plaintiff's LA INDITA MICHOACANA and Indian Girl Design Mark and 1994 and 1995 Indian Girl Design Marks, and thereby constitutes infringement of a registered trademark under 15 U.S.C. § 1114, entitling Plaintiff to injunctive relief and damages for such infringement, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    That the Court reverse the May 20, 2011 decision in the matter of *Productos Lacteos Tocumbo S.A. de C.V. v. Paleteria La Michoacana, Inc.*, Cancellation No. 92047438 referenced herein, pursuant to 15 U.S.C. § 1071(b).

B.    That the Court order the TTAB to deny Defendant's Petition for Cancellation.

C.    That the Court enjoin Defendant from using Defendant's Indian Girl Design Mark in conjunction with goods or services identical to or related to those offered by Plaintiff.

sf-3042045

1    D.    That the Court declare that there is no likelihood of confusion between Plaintiff's

2  LA INDITA MICHOACANA and Indian Girl Design Mark and Defendant's LA

3  MICHOACANA trademark, LA MICHOACANA NATURAL trademark, and LA

4  MICHOACANA NATURAL and Butterfly Design Mark given the geographically descriptive

5  and weak nature of the term MICHOACANA when used in connection with ice cream and related

6  products.

7    D.    That the Court grant Plaintiff damages resulting from Defendant's infringing use

8  of Defendant's Indian Girl Design Mark.

9    E.    That the Court grant Plaintiff attorneys' fees.

10    F.    That the Court grant any other such relief it deems appropriate.

14

sf-3042045

Dated: September 8, 2011

G. BRIAN BUSEY
MORRISON & FOERSTER LLP

By: _____
G. BRIAN BUSEY (DC BN 366760)
GBusey@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
Telephone: 202.887.1500
Facsimile:  202.887.0763

ROSEMARY S. TARLTON (CA SBN
154675)
RTarlton@mofo.com
J. THOMAS MCCARTHY (CA SBN
034728)
TMcCarthy@mofo.com
WILLIAM A. CHRISTOPHER (CA SBN
271124)
WChristopher@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

Attorneys for Plaintiff
PALETERIA LA MICHOACANA, INC.

sf-3042045