**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PALETERIA LA MICHOACANA, INC. *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 11-1623 (RC) |
| | : | |
| v. | : | Re Documents No.: 26, 32 |
| | : | |
| PRODUCTOS LACTEOS TOCUMBO S.A. DE C.V., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

**GRANTING THE PLAINTIFFS' MOTION TO AMEND; DENYING AS MOOT THE DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

In response to the defendant's motion to dismiss, the plaintiffs filed a motion for leave to amend under Rule 15(a) to clarify the jurisdictional basis for their claim.  The defendant raises a number of arguments in opposition, but none suffice to warrant denial of the plaintiffs' motion.  Accordingly, the court will grant the plaintiffs' motion to amend and deny the defendant's pending motion to dismiss as moot.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs, Paleteria La Michoacana, Inc. ("PLM Inc.") and Paleteria La Michoacana, LLC ("PLM LLC"), produce and distribute "paletas," a type of frozen ice cream that traces its roots to the state of Michoacán, Mexico.  In 2005, PLM Inc. applied to register a trademark with the U.S. Patent and Trademark Office ("U.S. PTO").  The trademark appears as follows:



The U.S. PTO approved the trademark application in 2007. Am. Compl. [Dkt. # 19] ¶¶ 9–15.

The defendant, Productos Lacteos Tocumbo S.A. de C.V., is a Mexican business that operates in the same industry. The defendant asked the U.S. PTO to register a trademark that appears as follows:



At the heart of this suit is the plaintiffs' allegation that this design infringed upon their trademark. In April 2007, the defendant filed an action before the U.S. PTO's Trademark Trial and Appeal Board ("TTAB") to cancel the registration of the plaintiffs' trademark. The defendant prevailed, and the plaintiffs brought suit to appeal the TTAB's decision under 15 U.S.C. § 1071(b)(1). *Id.* ¶¶ 18–25, 31–36.

The original complaint named PLM Inc. as the sole plaintiff. The defendant then filed a motion to dismiss, alleging that PLM Inc. had assigned its trademark to a closely related corporate entity, PLM LLC. The plaintiffs responded by filing an amended complaint which contained facts to clarify the relationship between PLM Inc. and PLM LLC.[1] According to the plaintiffs, PLM Inc. assigned the trademark to PLM LLC in January 2011. *See* Pls.' Opp'n to

---

[1]   This amendment was accepted as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B).

Def.'s Mot. to Dismiss [Dkt. # 31], Ex. 1 ¶ 6.  PLM Inc. is a majority shareholder of PLM LLC, *id.*, and the two entities share the same address and counsel, *see* Am. Compl. at 1.

The defendant then filed a renewed motion to dismiss, arguing that PLM Inc. lacks Article III standing because it no longer possesses the trademark at issue and therefore suffers no cognizable injury-in-fact.  Now before the court is the plaintiffs' motion to amend, which seeks to clarify the jurisdictional basis for keeping PLM Inc. as a party to this suit.

### III.  ANALYSIS

#### A.  The Court Grants the Plaintiffs' Motion to Amend

#### 1.  Legal Standard for a Motion to Amend under Rule 15(a)

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days of the filing of a responsive pleading or a motion brought under Rule 12(b), (e), or (f).  FED. R. CIV. P. 15(a)(1).  Otherwise, the plaintiff must seek consent from the defendant or leave from the court.  FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The grant or denial of leave lies in the sound discretion of the district court.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  That said, the court must heed Rule 15's command that leave is to be "freely given when justice so requires."  *Id.*; *see Foman*, 371 U.S. at 181–82 (noting that a court should not turn the pleading phase into a "game of skill in which one misstep by counsel may be decisive to the outcome" (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957))).  Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.  Leave to amend should be denied only if the court determines there to be a sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated

failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).

### 2. Justice Requires that the Plaintiffs Be Given Leave to Amend

The plaintiffs' proposed second amended complaint alleges that PLM Inc. transferred the relevant trademark to PLM LLC but that PLM Inc. retained certain liabilities. Pls.' Mot. to Amend [Dkt. #32] at 3. In particular, the plaintiffs allege that PLM Inc. is contractually obligated to pay for any infringing use of the trademark that occurred prior to 2011. *Id.*; *see* Pls.' Proposed 2d Am. Compl. ¶ 3. The plaintiffs thus conclude that PLM Inc. has standing to sue because it will be held financially liable for any potential misuse of the trademark. The defendant presents a number of arguments to the contrary, none of which are sufficiently meritorious to upend Rule 15(a)'s clear policy of freely granting plaintiffs leave to amend whenever justice so requires.

Reviewing the record, the court concludes that the proposed amendment is not brought in bad faith or with dilatory motive. Discovery has not yet begun, and the plaintiffs swiftly filed their motion to amend in response to the defendant's motion to dismiss.[2] *See Norris v. Salazar*, 746 F. Supp. 2d 1, 4 (D.D.C. 2010) (granting leave to amend the complaint and finding that "because of the early stage of the litigation, any delay would be minimal").

The defendant argues that amendment would be futile for several reasons. First, the defendant restates its contention that PLM Inc. lacks standing to sue. Second, the defendant argues that because PLM Inc. lacks standing, the plaintiffs' suit is untimely.[3] These two

---

[2]  The plaintiffs filed their motion to amend on March 15, 2012, less than three weeks after the defendant filed its motion to dismiss.

[3]  The defendant alleges that PLM Inc. never had standing to sue, thus its complaint should be disregarded. The defendant appears to argue that the first amended complaint, which also names PLM LLC as a party, does not relate back to the original complaint. Thus the defendant argues

arguments largely miss the point: the defendant does not grapple with the facts contained in the second amended complaint.  Instead, the defendant argues that the facts alleged in the *existing* complaint are insufficient to establish Article III standing.  The defendant is tasked with showing that the *proposed amendment* would be futile; having failed to do so, its argument must be rejected.

In the alternative, the defendant suggests that even if the facts alleged in the proposed second amended complaint are true, PLM Inc.'s contractual retention of liability is insufficient to confer standing.  Def.'s Opp'n [Dkt. # 34] at 5 (asserting that "nowhere does [the contract between PLM Inc. and PLM LLC] provide that PLM, INC. would retain liability for any claim of trademark infringement arising out of the use of the mark prior to ownership by PLM, LLC.")  This assertion is devoid of any citation to the record or relevant case law.  In addition, the defendant ignores both the declaration of PLM Inc.'s Secretary and Treasurer and a copy of the contract, both of which directly refute the defendant's unsubstantiated assertion.  *See generally* Pls.' Opp'n to Def.'s Mot. to Dismiss, Exs. 1–2.  These documents suggest that only certain designated liabilities were transferred to PLM LLC, and PLM Inc. would retain liability for other matters.  *See id.*, Ex. 2 ¶ 3.2.  In light of the parties' limited briefing on this issue, the court cannot conclude that leave to amend would necessarily be futile.

In sum, the court is mindful that the Federal Rules of Civil Procedure strongly militate against depriving the plaintiffs of their day in court merely because of a misnomer in the pleadings.  *See, e.g.*, FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  *Foman*, 371 U.S. at 181 (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere

---

that suit was not filed until February 2012, after the 60-day period to appeal a decision of the TTAB had elapsed.

technicalities"). Thus, the proper course of action is to grant the plaintiffs leave to amend. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18–20 (2d Cir. 1997) (overturning district court's denial of the plaintiffs' request for leave to amend when assignment of rights left unclear which party had standing); *Corvello v. New Eng. Gas Co.*, 2011 WL 3742005, at *2–3 (D.R.I. 2011) (granting leave to amend *sua sponte* to allow the plaintiffs to list their correct corporate form and denying the defendants' motion to dismiss, noting that "[t]he only problem with [the defendants'] highly principled argument is that it runs counter to the letter of the Federal Rules, the spirit of notice pleading, and decades of federal jurisprudence"); *see also Hemphill Contracting Co. v. United States*, 34 Fed. Cl. 82, 86–87 (1995) (noting that dismissing a claim due to the plaintiff's allegedly improper description of its corporate form would "create a system that would make the medieval writ system look highly functional and modern"). Because the court grants leave to amend the complaint, the defendant's motion to dismiss will be denied as moot. *See Gray v. D.C. Pub. Schs.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010).

Accordingly, it is this 11th day of June, 2012, hereby

**ORDERED** that the plaintiffs' motion for leave to amend is **GRANTED**; and it is

**FURTHER ORDERED** that the defendant's motion to dismiss is **DENIED as moot**.

**SO ORDERED**.

                                                            RUDOLPH CONTRERAS
                                                           United States District Judge