# UNITED STATES DISTRICT COURT
## DISTRICT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PALETERIA LA MICHOACANA, INC., a California corporation; PALETERIA LA MICHOACANA, LLC., a California Limited Liability Company | Case No.     1:11-cv-01623-RWR <br><br> JURY TRIAL DEMANDED |
| 2068 Lapham Drive <br> Modesto, CA 95354 | |
| Plaintiffs, | |
| v. | |
| PRODUCTOS LACTEOS TOCUMBO S.A. DE C.V., a Mexican corporation, | |
| Defendant. | |

## SECOND AMENDED COMPLAINT

Plaintiff Paleteria La Michoacana, Inc. ("PLM"), and Plaintiff Paleteria La Michoacana, LLC ("PLML") (referred to collectively as "Plaintiffs") as their complaint against Defendant Productos Lacteos Tocumbo S.A. de C.V. ("PLT" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO"), under 15 U.S.C. § 1071(b)(1).

2.      On May 20, 2011, a TTAB panel granted Defendant's Petition for Cancellation of the registration for the LA INDITA MICHOACANA and Indian Girl Design trademark in conjunction with "ice cream and fruit ice products, namely, fruit bars," in International Class 30, U.S. Registration No. 3,210,304 which issued to PLM and was assigned to PLML during the TTAB proceedings ("LA INDITA MICHOACANA and Indian Girl Design Mark").  The panel found that Defendant had priority of use of the following trademarks which each gave rise to a likelihood of confusion with the registered LA INDITA MICHOACANA and Indian Girl Design

Mark:  (1) the terms LA MICHOACANA NATURAL; (2) the terms LA MICHOACANA NATURAL displayed with a Butterfly Design ("LA MICHOACANA NATURAL and Butterfly Design Mark"); (3) the design of an Indian girl in traditional clothing holding an ice cream (Defendant's "Indian Girl Design Mark"); and (4) the word mark LA MICHOACANA.  The TTAB panel denied PLM's Motion for Reconsideration on July 13, 2011.

### PARTIES

3.      Plaintiff PLM is a corporation organized and existing under the laws of the state of California with its principal place of business at 2068 Lapham Drive, Modesto, California 95354.  On January 24, 2011, pursuant to the terms of an Asset Contribution Agreement, PLM agreed to assign to PLML assets relating to its business of selling and distributing ice cream products.  Pursuant to the Asset Contribution Agreement, PLM assigned the LA INDITA MICHOACANA and Indian Girl Design Mark, and other marks owned by PLM, to PLML.  Under the terms of the Asset Contribution Agreement, PLML agreed to assume only specifically designated liabilities of PLM arising prior to the asset transfer date.  None of the referenced designated liabilities included liability for trademark infringement arising out of the use of the LA INDITA MICHOACANA and Indian Girl Design Mark prior to the date of transfer to PLML.  Thus, despite having transferred the LA INDITA MICHOACANA and Indian Girl Design Mark to PLML, PLM retained liability for any claim of trademark infringement regarding the use of the mark prior to the transfer to PLML.  The cancellation of the registration created a concrete and particularized injury-in-fact to PLM because it eliminated the registration and associated benefits and defenses on which PLM could rely in defending its use of the LA INDITA MICHOACANA and Indian Girl Design Mark from 2005 to 2011.  The decision further injured PLM because it included adverse findings regarding likelihood of confusion and priority that could potentially have preclusive effect in litigation concerning the use of the mark from 2005 to 2011.  Such injuries were actual and imminent as the loss of the registration immediately denied to PLM the right to rely on the presumptions and advantages of a federal registration in defense of an infringement claim.  The risk of such a challenge was imminent given that the Defendant had already sent a cease and desist letter challenging the use by PLM of

the LA INDITA MICHOACANA and Indian Girl Design mark and threatening to file suit for damages.  The injuries were caused by the decision of the TTAB and the injuries are redressable through this appeal because it seeks to reverse the cancellation order and reverse the findings as to priority and likelihood of confusion.  PLM was the party to the cancellation action throughout the TTAB proceedings and PLML was not joined or substituted in the proceedings following the assignment of the mark to PLML, as permitted by TTAB rules.

4.      Plaintiff PLML is a limited liability company organized and existing under the laws of California with its principal place of business at 2608 Lapham Drive, Modesto, California 95354.  PLML is the assignee of the LA INDITA MICHOACANA and Indian Girl Design Mark by assignment from PLM and also suffered an injury-in-fact when the TTAB cancelled the registration that it owned, an injury caused by the TTAB decision being appealed, and which will be redressed by the reversal of the TTAB cancellation ruling.

5.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Mexico with its principal place of business at Benito Juarez No. 37 Segunda Seccion Ampliacion Delegacion, Tlalpan, Mexico City, Mexico 14250.

## JURISDICTION

6.      This is an action for judicial review by civil action of a final decision of the TTAB under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1).

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §§ 1071(b)(1) and 1121.

8.      Defendant is subject to personal jurisdiction in the District of Columbia under 15 U.S.C. § 1071(b)(4) because it is a foreign corporation that instituted the cancellation action before the TTAB to be reviewed in this action.

## GENERAL ALLEGATIONS

### Plaintiffs And Their Trademarks

9.      For many years PLM produced and distributed ice cream bars known as "paletas" and other ice cream and frozen fruit products of a type originating from and made famous in the

state of Michoacan in Mexico.  PLM continued this business until early 2011 when PLML, as

assignee of the assets of PLM, took over this business.  PLM was, and now PLML is, one of the

leading providers of Hispanic-oriented ice cream and frozen treats in the United States,

distributing products across California, the Pacific Northwest, the Intermountain West, and the

Midwest.  Plaintiffs and their predecessors-in-interest have produced and distributed paletas and

other ice cream and frozen fruit treats in the United States since 1991.  Drawing on the

significance of the Michoacan region for its products, Plaintiffs and their predecessors-in-

interest, have used the term MICHOACANA in trade names and trademarks in the United States

since 1991.

10.     Throughout Mexico, producers of paletas and related ice cream and frozen-fruit

treats have used and continue to use various images of a little Indian girl, dressed in traditional

clothing, and holding a paleta or other ice cream treat in connection with their ice cream and

frozen treat products, and have done so for decades.  Drawing on this tradition, PLM began using

a stylization of a drawing of an Indian girl holding an ice-cream bar as a trademark in connection

with its paletas and frozen treats in the United States in 1994, and PLM and its successor-in-

interest, PLML, have used this design and various permutations of this design in this manner

since that time.

11.     In 1994 PLM launched its use of the following Indian girl design trademark

(PLM's "1994 Indian Girl Design Mark") in connection with its paletas and frozen treat

business:


.

12.     PLM and its successor-in-interest, PLML, have used and PLML continues to use,

the 1994 Indian Girl Design mark in connection with these products to date.  PLML owns a valid

and subsisting registration for the 1994 Indian Girl Design at USPTO, U.S. Registration No.

2905172, covering "[i]ce cream; fruit ices" in International Class 30, with a first-use date of April 1994.

13.     In 1995 PLM began use of, and PLML continues to use to date, the following second Indian girl design mark (PLM's "1995 Indian Girl Design Mark") in connection with its paletas and frozen treat business in the United States:



PLML owns a valid and subsisting registration for its 1995 Indian Girl Design Mark, U.S. Registration No. 2,968,652, covering "[i]ce cream; fruit ices" in International Class 30, with a first-use date of January 1995.  U.S. Registration No. 2,968,652 is incontestable.

14.     In 2004, PLM revised its 1994 and 1995 Indian Girl Design Marks, again seeking to suggest the Hispanic-directed nature of its products by drawing on images being used on a widespread basis by various unrelated third parties in Mexico in connection with the sale of paletas and frozen fruit products.  PLM incorporated the revised Indian girl design into the LA INDITA MICHOACANA and Indian Girl Design Mark at issue in these proceedings:



PLM began using the logo containing the revised girl design in connection with its paletas and frozen fruit treat business in the United States in February 2005.

15.     On June 28, 2005, PLM applied to register the LA INDITA MICHOACANA and Indian Girl Design Mark incorporating this revised Indian girl design, in conjunction with "ice cream and fruit ice products, namely, fruit bars," in International Class 30, citing a first-use date of February 21, 2005.  On February 20, 2007, the USPTO registered the mark, U.S. Registration No. 3,210,304.

16.    On or about January 2011, PLM assigned various trademarks, including the LA INDITA MICHOACANA and Indian Girl Design Mark, 1994 Indian Girl Design Mark and the 1995 Indian Girl Design Mark, to PLML.

17.    PLML's trademarks, including the 1994 Indian Girl Design Mark, the 1995 Indian Girl Design Mark, and the LA INDITA MICHOACANA and Indian Girl Design Mark, together with its MICHOACANA-based marks and trade name are widely-recognized in the United States as source indicators of the ice cream and frozen fruit treats produced and distributed by Plaintiffs.

### Defendant And Its Trademarks

18.    Plaintiffs are informed and believe and on that basis allege that Defendant is a business located in Mexico, engaged in various activities in Mexico, including the distribution of products and machinery used in the production of ice cream.

19.    Plaintiffs are further informed and believe and on that basis allege that Defendant does not own any trademark registration or application in Mexico covering any design of a girl holding an ice cream, popsicle, or any other frozen treat.

20.    Defendant claims to have entered into licensing arrangements, dating to April 2001, with certain individuals for the licensing in the United States of its FLOR DE MICHOACAN, LA MICHOACANA NATURAL, and LA MICHOACANA marks, as well as an Indian Girl design, in connection with the production and sale of ice cream products.

21.    During the proceedings below, Defendant identified one corporation and two individuals, one of whom was acknowledged to be the brother of one of Defendant's directors, as the only licensees of these marks in the United States and claimed that these parties had used the marks pursuant to this licensing arrangement in Florida since 2001.

22.    On April 18, 2001, Defendant filed at the USPTO intent-to-use applications to register the LA FLOR DE MICHOACAN word mark and the LA MICHOACANA NATURAL and Design Mark purportedly licensed by Defendant at that time for use in the United States in conjunction with ice cream products.  In December 2003, Defendant filed a statement of use in connection with the LA FLOR DE MICHOACAN mark, claiming a first-use date of April 20,

2001. The LA FLOR DE MICHOACAN word mark proceeded to registration, U.S. Registration No. 2,830,401 and the filing for LA MICHOACANA NATURAL and Design Mark was abandoned in 2002.

23.   Defendant did not file any applications in 2001 for a design of a girl despite the fact that the purposed license agreements included reference to a La Indita Design as one of the marks to be licensed.

24.   Defendant made no further trademark filings in the United States until December 8, 2005, when it filed an application to register a mark consisting of the words LA FLOR DE MICHOACAN together with a swirling line and butterfly design (collectively with the previous LA FLOR DE MICHOACAN mark "LA FLOR DE MICHOACAN Marks") in conjunction with various goods and services in International Classes 16, 21, 25, 29, 32, 35, and 43, U.S. Registration No. 3,249,113:



25.   On December 12, 2005, six-months after PLM filed its own application for the LA INDITA MICHOACANA and Indian Girl Design Mark, and more than five-and-a-half years after allegedly entering into the purported licensing arrangement which Defendant claims to have included a license to use Defendant's Indian Girl Design Mark in the United States, Defendant filed a trademark application with the USPTO seeking to register Defendant's Indian Girl Design Mark in conjunction with "[c]ones for ice cream; [f]lavored ices; [f]rozen yoghurt; [f]ruit ice; [f]ruit ice bar; [f]ruit ices; [i]ce; [i]ce candies; [i]ce cream; [i]ce cream drinks; [i]ce cream mixes; [i]ce cream powder; [i]ce cubes; [i]ce milk bars; [i]ce-cream cakes" in International Class 30, as

dc-671399

well as various goods and services in International Classes 16, U.S. Serial No. 78,771,243:



Defendant claimed first use of the mark in commerce in April 2001. Defendant submitted specimens with this filing that it claimed under oath represent current use of the mark on such products in commerce in the United States.

26.     During the prosecution of the application to register Defendant's Indian Girl Design Mark, on June 14, 2006, the USPTO cited the LA INDITA MICHOACANA and Indian Girl Design Mark then owned by PLM as a barrier to registration based on a likelihood of confusion between the two marks due to the similar girl designs. On December 13, 2006, Defendant responded to the citation of this mark by arguing that there was no risk of confusion between the marks due to the presence of the terms LA INDITA and MICHOACANA in the cited mark, and other visual differences between the marks. Defendant did not at this time alert the USPTO to any claimed priority in the use of the Indian Girl Design Mark, or seek to contact PLM to object to the use by PLM of the LA INDITA MICHOACANA and Indian Girl Design Mark based on Defendant's alleged priority in use of the mark.

27.     On August 17, 2006, Defendant filed an application at the USPTO seeking to register its LA MICHOACANA NATURAL and Butterfly Design Mark in conjunction with "[c]ones for ice cream; [f]lavored ices; [f]rozen yoghurt; [f]ruit ice; [f]ruit ice bar; [f]ruit ices; [i]ce; [i]ce candies; [i]ce cream; [i]ce cream drinks; [i]ce cream mixes; [i]ce cream powder; [i]ce cubes; [i]ce milk bars; [i]ce-cream cakes" in International Class 30 and "[r]etail shops featuring ice cream, fruit bars, drinks and snacks; [r]etail stores featuring ice cream, fruit bars, drinks and

snacks" in International Class 35, claiming a first use of the mark in commerce in February 2002, U.S. Serial No. 78,954,490:



28.     U.S. Registration No. 3,210,304 for the LA INDITA MICHOACANA and Indian Girl Design Mark owned at that time by PLM, was again cited against Defendant's later LA MICHOACANA NATURAL and Butterfly Design Mark filing as a bar to registration.  Rather than arguing that the marks should coexist as Defendant had done when the LA INDITA MICHOACANA and Indian Girl Design Mark was cited against Defendant's Indian Girl Design Mark filing, Defendant this time responded to the examiner with notice that it would be seeking to cancel PLM's LA INDITA MICHOACANA and Indian Girl Design Mark.

29.     On April 27, 2007, Defendant filed the Petition to Cancel PLM's registration for the LA INDITA MICHOACANA and Indian Girl Design Mark, citing its prior use of the LA MICHOACANA trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark, the LA FLOR DE MICHOACAN Marks and a LA MICHOACANA trademark, Cancellation No. 92047438 ("Cancellation Action").  Defendant did not cite any rights in, or make any reference to any use of or filing for, Defendant's Indian Girl Design Mark in the Petition to Cancel.

30.     Shortly after filing the Cancellation Action, Defendant also sent PLM a cease and desist letter, demanding that PLM cease use of the LA INDITA MICHOACANA and Indian Girl Design Mark, citing only Defendant's rights in the LA MICHOACANA NATURAL trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark, the LA FLOR DE MICHOACAN Marks, and the LA MICHOACANA trademark, but again making no mention of Defendant's use or filing for Defendant's Indian Girl Design Mark.

**TTAB Proceeding**

31.     To support its claim that it used Defendant's Indian Girl Design Mark and other marks in the United States in 2001, Defendant admitted that it had made no use of the marks itself and relied upon oral testimony from two individuals and one corporation whom it claimed were licensees of the various marks, who claimed to have used the marks in connection with their ice cream businesses in Florida continuously since 2001.

32.     The details of the oral testimony of these licensees regarding use of the LA MICHOACANA NATURAL trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark, the LA FLOR DE MICHOACAN Marks, the LA MICHOACANA trademark, and Defendant's Indian Girl Design Mark in the United States were contradicted by physical evidence presented by both Defendant and PLM in the proceedings below, and by Defendant's failure to introduce any physical evidence to corroborate the existence of the claimed licensing arrangement.

33.     The evidence supporting Defendant's claim to have used Defendant's Indian Girl Design Mark via these licensees in the United States was notably weaker than the already weak evidence introduced to support the claimed licensing of the other marks.  Defendants introduced no physical evidence demonstrating use of Defendant's Indian Girl Design by itself or its licensees prior to the date that PLM filed its application to register its LA INDITA MICHOACANA and Indian Girl Design Mark.

34.     Despite the weak and uncorroborated nature of the oral testimony regarding the use of Defendant's Indian Girl Design Mark in the United States, the TTAB granted the Petition for Cancellation on May 20, 2011, finding that Defendant had established priority of use of Defendant's Indian Girl Design Mark and further concluding that there was a likelihood of confusion between the LA INDITA MICHOACANA and Indian Girl Design Mark and Defendant's Indian Girl Design Mark.  Although the TTAB also found that Defendant had established priority in the use of its LA FLOR DE MICHOACAN Marks, it concluded that there was no likelihood of confusion between the LA FLOR DE MICHOACAN Marks and the LA INDITA MICHOACANA and Indian Girl Design Mark.

dc-671399

35.     The TTAB further found that Defendant had established priority of use in the LA MICHOACANA NATURAL trademark, the LA MICHOACANA NATURAL and Butterfly Design Mark and the LA MICHOACANA trademark.  It concluded that there was a likelihood of confusion between those marks and the LA INDITA MICHOACANA and Indian Girl Design Mark due to the overlap of the term "Michoacana," despite the fact that PLM introduced evidence noting the meaning of the MICHOACANA term in the context of Hispanic ice cream products, and further presented evidence in the form of several trademark registrations coexisting at the USPTO for various food products directed to the Hispanic community that include the term MICHOACANA.

36.     A copy of the TTAB decision in the Cancellation Action is attached hereto as Exhibit A.  On July 13, 2011, the TTAB panel denied a Motion for Reconsideration filed by PLM.  A copy of that decision is attached hereto as Exhibit B.  Plaintiffs believe that the TTAB's decisions are erroneous and hereby appeal.

### Plaintiffs' Challenges To The TTAB Ruling

37.     Plaintiffs maintain that the decision of the TTAB granting the Petition for Cancellation is erroneous and not supported by substantial evidence because Defendant did not and cannot establish that it has priority of use of Defendant's Indian Girl Design Mark in the United States because (1) there is insufficient evidence of any such use; (2) the oral evidence presented on this topic is weak and contradicted; (3) even if such use could be proven, Defendant subsequently abandoned the Indian Girl Design Mark prior to the filing of the Petition to Cancel; and (4) the purported use was via an uncontrolled licensing arrangement and therefore cannot be relied upon to establish priority.

38.     The decision is further erroneous and not supported by substantial evidence to the extent it finds that Defendant established priority with respect to its LA FLOR DE MICHOACAN Marks, LA MICHOACANA NATURAL trademark, LA MICHOACANA NATURAL and Butterfly Design Mark, and LA MICHOACANA trademark because (1) there is insufficient evidence to establish such prior use; (2) Defendant's oral evidence on this issue is weak and contradicted; (3) even if such use could be proven, Defendant subsequently abandoned

these marks prior to the filing of the Petition to Cancel; and (4) the purported use was via an uncontrolled licensing arrangement and therefore cannot be relied upon to establish priority.

39.     The decision of the TTAB is further erroneous and not supported by substantial evidence to the extent it finds that the LA INDITA MICHOACANA and Indian Girl Design Mark is confusingly similar to Defendant's LA MICHOACANA NATURAL trademark, LA MICHOACANA NATURAL and Butterfly Design Mark, LA MICHOACANA word mark, or any LA MICHOACANA trademark allegedly owned or used by Defendant, given that the term MICHOACANA is descriptive and geographically descriptive of ice cream products directed to the Hispanic market of the type sold by Plaintiffs and is highly diluted and weak as a term used in connection with ice cream and ice cream-related products directed to the Hispanic community, due to the widespread use of the term by third parties throughout the United States, and is therefore not a source indicator for those goods.

40.     Plaintiffs will present this court with substantial further evidence to support the conclusion that the term MICHOACAN is geographically descriptive and descriptive, and weak and dilute in connection with Hispanic-directed ice cream and related products and services, as well as further evidence to demonstrate the contradictions and inconsistencies surrounding Defendant's oral testimony regarding its licensing of its trademarks, including Defendant's Indian Girl Design Mark, in the United States prior to PLM's use and filing of the application to register the LA INDITA MICHOACANA and Indian Girl Design Mark.

41.     Plaintiffs seek review of the TTAB findings of fact in the Cancellation Action as well as *de novo* review of the TTAB's findings of law, and the new evidence and claims to be presented by Plaintiffs pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071.

## CAUSES OF ACTION

### COUNT 1

### REQUEST FOR REVERSAL OF TTAB DECISION AND DENIAL OF DEFENDANT'S PETITION FOR CANCELLATION OF PLAINTIFFS' LA INDITA MICHOACANA AND INDIAN GIRL DESIGN TRADEMARK, U.S. REGISTRATION NO 3,210,304

42.     Plaintiffs reallege and incorporate herein Paragraphs 1 through 41 of this Complaint.

43.     Plaintiffs are dissatisfied with the decision of the TTAB and its erroneous conclusion that Defendant had priority of use in the LA MICHOACANA NATURAL and Butterfly Design Mark, LA FLOR DE MICHOACAN Marks, Defendant's Indian Girl Design Mark, and the LA MICHOACANA trademark, given that Defendant failed to introduce sufficient evidence to support its claim of priority with respect to each of these marks.

44.     Even if Defendant has introduced sufficient evidence of its licensees' use of certain of these marks in the United States, there is insufficient evidence of its licensees' use of Defendant's Indian Girl Design Mark in the United States to support the TTAB's finding that Defendant had established priority with respect to the use of this mark.

45.     Even if Defendant has introduced sufficient evidence of its licensees' use of certain of these marks in the United States, PLM is informed and believes and on that basis alleges that Defendant abandoned use of such marks prior to the filing of the cancellation action.

46.     Defendant's licensing of the purportedly licensed marks in the United States constituted naked licensing and therefore does not give rise to a claim of use on behalf of Defendant.

47.     There was and is no likelihood of confusion between the LA INDITA MICHOACANA and Indian Girl Design Mark and Defendant's LA MICHOACANA NATURAL trademark, LA MICHOACANA NATURAL and Butterfly Design Mark, LA MICHOACANA word mark, or any LA MICHOACANA trademark allegedly owned or used by Defendant given the descriptive and geographically descriptive nature of the term MICHOACANA when used in connection with ice cream of the type and style sold by Plaintiffs

in the United States, and the weak and diluted nature of the term resulting from the widespread use of the term by unrelated third parties in the United States in connection with ice cream products of this type and style.

48.     Accordingly, the TTAB decision of May 20, 2011 should be reversed and vacated, and an order should be entered directing the USPTO to reverse its decision and deny Defendant's Petition for Cancellation of United States Registration No. 3,210,304 for the LA INDITA MICHOACANA and Indian Girl Design Mark, Cancellation No. 92047438.

## COUNT 2

### DECLARATORY JUDGMENT OF NONINFRINGEMENT (15 U.S.C. § 1051 et seq.)

49.     Plaintiffs reallege and incorporate herein Paragraphs 1 through 48 of this Complaint.

50.      There is an actual, present and justiciable controversy between the parties regarding whether the presence of the term MICHOACANA in the LA INDITA MICHOACANA and Indian Girl Design Mark in connection with Hispanic-directed ice cream products give rise to a risk of confusion.

51.     Plaintiffs seeks a declaration from this Court that there is no likelihood of confusion between the LA INDITA MICHOACANA and Indian Girl Design Mark and the LA MICHOACANA trademark, the LA MICHOACANA NATURAL trademark, and the LA MICHOACANA NATURAL and Butterfly Design Mark allegedly owned and used by Defendant due to the overlap of the term MICHOACANA given that the term MICHOACANA is descriptive and geographically descriptive of the type of ice cream products sold by Plaintiffs and Defendant, and is further weak and diluted as a result of the widespread use of the marks by unrelated third parties in connection with the sale of ice cream.

## COUNT 3

### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

52.      Plaintiffs reallege and incorporate herein Paragraphs 1 through 51 of this Complaint.

dc-671399

53.     PLML owns valid and subsisting registrations for the 1994 and 1995 Indian Girl Design Marks and Plaintiffs seek reversal in this action of the TTAB's decision to cancel the registration for the LA INDITA MICHOACANA and Indian Girl Design Mark, and thus PLML continues to have valid and subsisting rights in that registration as well.  PLM continues to have an interest in the infringement of the 1994 and 1995 Indian Girl Design Marks and LA INDITA MICHOACANA and Indian Girl Design Mark as it was the owner of the mark during much of the alleged infringement.

54.     Defendant and its licensees claim to be using Defendant's Indian Girl Design Mark in the United States in connection with ice cream products.

55.     Defendant cannot establish continuous use of Defendant' Indian Girl Design Mark in the United States prior to the filing by PLM of the LA INDITA MICHOACANA and Indian Girl Design Mark and PLM's filings for the 1994 and 1995 Indian Girl Design Marks.

56.     To the extent Defendant or anyone authorized by Defendant is using Defendant's Indian Girl Design Mark in the United States in connection with ice cream and/or related products, such use is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant's Indian Girl Design Mark with the LA INDITA MICHOACANA and Indian Girl Design Mark and 1994 and 1995 Indian Girl Design Marks, and thereby constitutes infringement of a registered trademark under 15 U.S.C. § 1114, entitling Plaintiffs to injunctive relief and damages for such past and current infringement, and attorneys' fees.

## COUNT 4

## CANCELLATION OF UNITED STATES REGISTRATION NOS. 3,249,113 and 2,830,401 (15 U.S.C. § 1119)(in response to infringement claims pursuant to 15 U.S.C. §1114 asserted in Defendant's counterclaims)

57.     Plaintiffs reallege and incorporate herein Paragraphs 1 through 56 of this Complaint.

58.     Defendant has alleged in its counterclaims filed in response to the original complaint in this action that the use of the term MICHOACANA in certain marks currently

owned and used by PLML and formerly owned by PLM infringes Defendant's rights in various marks, including the LA FLOR DE MICHOACAN and LA FLOR DE MICHOACAN and Design marks show in United States Registration Nos. 3,249,113 and 2,830,401.  Should this court find a likelihood of confusion in connection with the marks in these registrations and Plaintiffs' use of marks containing the term MICHOACANA, Plaintiffs will be injured by the continued registration of these marks because such registrations would give Defendant a presumption of nationwide rights in the marks.

59.     Plaintiffs and their predecessors in interest have used the term MICHOACANA in trademarks and trade names in connection with ice cream and related products in the United States use since at least as early as 1991.

60.     To the extent there is any determination in this action that there is a likelihood of confusion between Defendant's LA FLOR DE MICHOACAN and LA FLOR DE MICHOACAN and Design marks shown in United States Registration Nos. 2,830,401 and 3,249,113 and any marks used by Plaintiffs and their predecessors in interest that include the term MICHOACANA, Plaintiffs seek to cancel United States Registration Nos. 3,249,113 on the ground that Plaintiffs and their predecessors in interest have made prior and continuous use of the term MICHOACANA that predates the filing of the application that resulted in United States Registration Nos. 3,249,113.

61.     Plaintiffs are informed and believe, and on that basis allege, that Defendant has abandoned use of the LA FLOR DE MICHOACAN and LA FLOR DE MICHOACAN and Design marks shown in United States Registration Nos. 3,249,113 and 2,830,401 and in the event this court finds a likelihood of confusion between those marks and any used by Plaintiffs that include the term MICHOACANA, Plaintiffs seek to cancel cancel these registrations on the grounds of abandonment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That the Court reverse the May 20, 2011 decision in the matter of *Productos Lacteos Tocumbo S.A. de C.V. v. Paleteria La Michoacana, Inc.*, Cancellation No. 92047438 referenced herein, pursuant to 15 U.S.C. § 1071(b);

B.      That the Court order the TTAB to deny Defendant's Petition for Cancellation;

C.      That the Court enjoin Defendant from using Defendant's Indian Girl Design Mark in conjunction with goods or services identical to or related to those offered by Plaintiffs;

D.      That the Court declare that there is no likelihood of confusion between PLML's LA INDITA MICHOACANA and Indian Girl Design Mark and Defendant's LA MICHOACANA trademark, LA MICHOACANA NATURAL trademark, and LA MICHOACANA NATURAL and Butterfly Design Mark given the descriptive and geographically descriptive and weak nature of the term MICHOACANA when used in connection with ice cream and related products;

D.      That the Court cancel United States Registration Nos. 3,249,113 and 2,830,401;

E.      That the Court grant Plaintiffs damages resulting from Defendant's infringing use of Defendant's Indian Girl Design Mark;

F.      That the Court grant Plaintiffs attorneys' fees; and

G.      That the Court grant any other such relief it deems appropriate.

**JURY DEMAND**

PLM AND PLML demand that this action be tried by a jury.

Dated: March 15, 2012

**MORRISON & FOERSTER LLP**


By:   /s/ Tim A. O'Brien
G. BRIAN BUSEY (DC BN 366760)
GBusey@mofo.com
TIM O'BRIEN
TOBrien@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
Telephone: 202.887.1500
Facsimile:  202.887.0763

ROSEMARY S. TARLTON (Admitted Pro
Hac Vice)
RTarlton@mofo.com
J. THOMAS MCCARTHY
TMcCarthy@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415-268-7000
Facsimile:  415.268.7522

**Attorneys for Plaintiffs**
**PALETERIA LA MICHOACANA, INC.**
**and PALETERIA LA MICHOACANA,**
**LLC.**