UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PALETERIA LA MICHOACANA, INC. *et al.*, | : | |
| | : | |
| Plaintiffs, Counter-Defendants | : | Civil Action No.:   11-1623 (RC) |
| | : | |
| v. | : | Re Document No.:   59 |
| | : | |
| PRODUCTOS LACTEOS TOCUMBO S.A. DE C.V., | : | |
| | : | |
| Defendant, Counter-Claimant. | : | |

## MEMORANDUM OPINION

### DENYING THE DEFENDANT'S MOTION FOR A TEMPORARY RESTRAINING ORDER

### I.  INTRODUCTION

Both parties in this matter claim the exclusive right to sell their products using similar images: namely, a stylized drawing of a young girl in traditional Mexican clothing holding an ice cream cone.  The defendant now seeks a preliminary injunction to prevent the plaintiffs from infringing upon its trademarks during a convention for ice cream distributors and vendors which will soon take place in Miami, Florida.  Because the defendant has not shown that it will suffer any irreparable harm absent injunctive relief, the court will deny its motion.

### II.  BACKGROUND

#### A. Factual and Procedural Background

The plaintiffs, Paleteria La Michoacana, Inc. ("PLM, Inc.") and Paleteria La Michoacana, LLC ("PLM LLC"), are closely related companies that produce and distribute ice cream bars known as "paletas," which find their origin in the state of Michoacán, Mexico.  The defendant, Productos Lacteos Tocumbo S.A. de C.V., is a Mexican company that operates in the same industry.  The parties own several trademarks that are used in connection with their respective businesses.  To illustrate the similarity between the parties' marks, two of the controverted marks

are displayed below.  On April 6, 2004, the U.S. Patent and Trademark Office ("USPTO") issued to the defendant Registration No. 2,830,401, a trademark which appears as follows:



On February 20, 2007, the USPTO issued to the plaintiffs Registration No. 3,210,304, a trademark which appears as follows:



Recognizing the similarity between the parties' respective marks, the defendant filed a petition with the Trademark Trial and Appeal Board ("TTAB") to cancel the plaintiffs' trademark registration.  After the TTAB ruled in the defendant's favor, the plaintiffs filed suit under 15 U.S.C. § 1071(b)(1) to challenge the TTAB's decision.  The defendant filed a counterclaim, alleging (among other things) that the plaintiffs have committed trademark infringement under 15 U.S.C. § 1114, false designation of origin and unfair competition under 15 U.S.C. § 1125(a), and trademark infringement under D.C. common law.

The defendant now seeks a temporary restraining order that would prohibit the plaintiffs from using or displaying any of their trademarks during the forty-third annual convention of the

International Association of Ice Cream Distributors and Vendors ("IAICDV"), which will be held in Miami, Florida on November 5–8, 2012.

### III. ANALYSIS

#### A. Legal Standard for a Preliminary Injunction

Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, provides an "extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Thus, a temporary restraining order is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Nat'l Head Start Ass'n v. Dep't of Health & Human Servs.*, 297 F. Supp. 2d 242, 246 (D.D.C. 2004) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *see Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 462, 472 (S.D.N.Y. 2010) ("Temporary restraining orders and preliminary injunctions are among 'the most drastic tools in the arsenal of judicial remedies,' and must be used with great care.") (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)).

A party seeking preliminary injunctive relief must demonstrate (1) that it has a strong likelihood of success on the merits, (2) that it will suffer irreparable injury if injunctive relief is denied, (3) that other interested parties will not suffer substantial harm if injunctive relief is granted, and (4) that the public interest favors the granting of injunctive relief, (or at least, that the granting of injunctive relief is not adverse to the public interest).  *See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977); *Federation Internationale de Football Ass'n v. Nike, Inc.*, 285 F. Supp. 2d 64, 68 (D.D.C. 2003).  "The test is a flexible one.  If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak."  *CSX Transp., Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. 2005).  Despite this flexibility, a movant must demonstrate some likelihood

of irreparable harm, which has always been "the basis of injunctive relief in the federal courts." *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). "A movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citing *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1210–11 (D.C. Cir. 1989)).

### B. The Defendant Seeks to Alter the Status Quo

Ordinarily, the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *England*, 454 F.3d at 297. If the requested relief "would alter, not preserve, the status quo," the court must subject the plaintiff's claim to a somewhat higher standard. *Veitch v. Danzig*, 135 F. Supp. 2d 32, 35 (D.D.C.2001); *see Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994) ("[W]here a party seeks mandatory preliminary relief that goes well beyond maintaining the *status quo pendente lite*, courts should be extremely cautious about issuing a preliminary injunction.").[1] Plaintiffs seeking this type of relief therefore face "an additional hurdle" when proving their entitlement to relief. *King v. Leavitt*, 475 F. Supp. 2d 67, 71 (D.D.C. 2007).

The plaintiffs have been members of the IAICDV since 2011, and they attended last year's convention in Las Vegas. Pls.' Opp'n at 16. Despite the fact that this litigation was already underway, the defendant raised no opposition to the plaintiffs' use of its marks during

---

[1] The Circuit has neither adopted nor rejected a heightened burden as a doctrinal matter, but it is common practice among members of this court to proceed with extreme caution when the injunction would alter the status quo. *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 70 n.5 (D.D.C. 2010); *see also Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969) ("The power to issue a preliminary injunction, especially a mandatory one [that would alter the status quo], should be sparingly exercised.") (internal quotation marks omitted).

last year's convention. The defendant's request would therefore alter the status quo by enjoining the plaintiffs' attendance at a national organization's conference for the first time. The defendant has made little effort to explain why this year's convention warrants an injunction, whereas last year's did not. The defendant does note that this year's convention is based in Florida, where some of its licensees do business. Def.'s Mot. at 6–7. But most of the convention's attendees hail from outside Florida, and the plaintiffs will not be selling their wares during the convention. Pls.' Mot. at 16. While the plaintiffs plan on engaging in certain networking activities, the relationships they plan on fostering have no demonstrable link to Florida. Thus, it appears that this year's convention is functionally identical to last year's, and the defendant has not demonstrated that the location of this year's convention is of any real consequence.

The court concludes that the defendant thus seeks to alter—not preserve—the status quo. Accordingly, the court will exercise extreme caution in assessing the defendant's invitation to invoke the court's extraordinary equitable powers. *See Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 70 n.5 (D.D.C. 2010).

### C. The Defendant Has Not Shown That It Will Suffer Any Irreparable Injury

Equitable relief is only available if monetary damages could not remedy the harm alleged. *Wisc. Gas Co.*, 758 F.2d at 674. Thus, "[a] showing of irreparable harm is the '*sine qua non* of the preliminary injunction inquiry.'" *TD Bank, N.A. v. Pearl*, 2012 WL 4101946, at *7 (D.D.C. Sep. 19, 2012) (quoting *Trudeau v. FTC*, 384 F. Supp. 2d 281, 296 (D.D.C. 2005)). This is particularly true because an injunction requires the court to act before a decision on the merits has been reached. 11A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 2948.1 (2d ed. 2012) ("Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered."). The movant cannot succeed

simply by showing a "possibility" of irreparable harm. *Winter*, 555 U.S. at 22. Rather, the moving party must demonstrate that irreparable injury is likely. *Id.* Accordingly, the Circuit has made clear that the injury must be "actual and not theoretical," *Wisc. Gas Co.*, 58 F.2d at 674, and that no injunction is warranted when the plaintiff alleges "injuries neither extant nor presently threatened, but only merely 'feared,'" *see Comm. in Solidarity with the People of El Salvador (CISPES) v. Sessions*, 929 F.2d 742, 745–46 (D.C. Cir. 1991) (quoting *Exxon Corp. v. FTC*, 589 F.2d 582, 594 (D.C. Cir. 1978)).

The defendant predicates its request for injunctive relief on the plaintiffs' anticipated "encroachment" into Florida. Def.'s Mot. at 7. That the IAICDV convention is located in Florida this year appears to be a simple matter of happenstance. The defendant has not shown that the participants in this year's conference are any different from the participants in last year's conference. Nor has the defendant shown that this year's attendees would engage in any different activities simply because the convention is located in Florida.[2] The defendant did not complain when the plaintiffs attended the convention in Nevada last year, and the defendant puts forth little reason to suggest that this year's convention—location aside—will be any different. Accordingly, the court is not satisfied that the change in setting alone would justify expedited consideration of the merits.

In addition, the plaintiffs disclaim any intent to sell their products during the IAICDV convention. Pls.' Mot. at 12–13. Rather, they maintain that the convention is merely an

---

[2] The defendant asserts that three Florida-based companies will be in attendance. Def.'s Reply at 16. Based on the defendant's "internet search," it appears that "Allied Specialty Insurance, Rich's Ice Cream, and Excellence Industries are each headquartered within the state of Florida." *Id.* Based on the court's independent search, it appears that one is an insurance company, one a manufacturer of refrigeration equipment, and another a competing manufacturer of ice cream products. In any event, the defendant does not indicate how its interests would be specifically harmed by the presence of these three companies at the convention.

opportunity to network, share innovations, and view other competitors' product lines. *Id.* at 15. In addition, it appears that the event is closed to the public. *Id.* Retailers and service businesses, such as grocery stores and restaurants, are not allowed to attend. *Id.* Most of the participants are not based in Florida. *Id.* Thus, it appears that the plaintiffs wish to attend for reasons that are wholly unrelated to the use of its marks, and the court has little reason to believe that the defendant will likely suffer any irreparable harm from the plaintiffs' attendance.

Courts sometimes presume irreparable injury when consumers would be exposed to infringing marks. *See Health Ins., Ass'n of America v. Novelli*, 211 F. Supp. 2d 23, 28 (D.D.C. 2002). This is particularly true when there is evidence that consumers will be confused by two parties' trademarks because of their similarity. *Appleseed Found. Inc. v. Appleseed Inst., Inc.*, 981 F. Supp. 672, 677 (D.D.C. 1997). But here, it appears uncontroverted that no consumers will attend the convention, and that the plaintiffs will not be selling their wares. Pls.' Mot. at 15. Accordingly, the presumption of irreparable harm is not warranted here.

The defendant nevertheless argues that the plaintiffs wish to "expand their market," See Def.'s Reply at 17, but it has not submitted any evidence indicating whether the plaintiffs will actually engage in any infringing activity. Nor does the defendant controvert the fact that many of the convention's purposes are merely informative. *See id.* The defendant merely assumes, without proving, that the convention is a conduit for sales activity, and that it will likely suffer harm if the plaintiffs attend. More importantly for the purposes of this motion, the defendant fails to demonstrate how such a market expansion has any connection to Florida (rather than the West Coast or elsewhere). Yet the defendant bears the burden of proof, *see Mazurek*, 520 U.S. at 972, and the court concludes that this burden has not been met. Absent irreparable harm, there is

no reason to short-circuit the adversarial process and grant preliminary relief.  *See England*, 454 F.3d at 297.

## IV.  CONCLUSION

Having concluded that the defendant has failed to demonstrate that it will suffer irreparable harm, the court is satisfied that equitable relief is not warranted.  *See England*, 454 F.3d at 297.  Accordingly, the court denies the defendant's motion for a temporary restraining order, and the defendant shall have the opportunity to seek monetary damages and other appropriate relief after a decision on the merits has been reached.  An order consistent with this memorandum opinion is separately issued this first day of November, 2012.

                                                                        RUDOLPH CONTRERAS
                                                                        United States District Judge