**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PALETERIA LA MICHOACANA *et al.*, | : | |
| | : | |
| Plaintiffs, Counter-Defendants | : | Civil Action No.:   11-1623 (RC) |
| | : | |
| v. | : | Re Document No.:   43 |
| | : | |
| PRODUCTOS LACTEOS, | : | |
| | : | |
| Defendant, Counter-Claimant. | : | |

**MEMORANDUM OPINION**

**DENYING THE DEFENDANT'S MOTION TO STRIKE**

**I.  INTRODUCTION**

This matter comes before the court on the defendant's motion to strike. In the motion's crosshairs are thirteen affirmative defenses that the plaintiffs raised in response to the defendant's counterclaim. As is common practice in this court, each affirmative defense was brief—no more than a sentence each. The defendant argues that these affirmative defenses should be assessed under the "plausibility" standard that is used to gauge the sufficiency of a complaint under Rule 8(a)(2). But this proposal would dramatically alter Rule 8(c), which simply asks parties to "affirmatively state" their affirmative defenses. Because the court has not identified any compelling reason to warrant such a dramatic shift, the court will deny the defendant's motion.

**II.  ANALYSIS**

In the decades following *Conley v. Gibson*, 355 U.S. 41 (1957), courts demanded relatively little of a complaint. At that time, the Court held that Rule 8(a)(2) simply required "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 355 U.S. at 47 (quoting FED. R. CIV. P.

8(a)(2)).  Courts were therefore instructed not to dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* at 45–46.  The Court shifted course in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which held that plaintiffs must allege enough facts to show that their claim is "plausible."  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 684.  The Court explained that a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

Courts have split when presented with the question raised by the defendant's motion: does *Iqbal* and *Twombly*'s "plausibility" requirement also apply to affirmative defenses?  *See Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1256–57 (D. Kan. 2011) (collecting cases).[1]  For the reasons discussed below, the court will answer in the negative.

First: *Iqbal* and *Twombly* interpreted Rule 8(a)(2), which sets forth the pleading requirements for a complaint.  Affirmative defenses are governed by a different provision, Rule 8(c).  Courts must be careful not to extend a court's legal analysis beyond its original context "without careful and critical examination."  *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 393 (2008); *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1014 (D.C. Cir. 1999) (noting that courts should consider not only the language of the particular statutory provision under scrutiny,

---

[1]   To the court's knowledge, only one circuit has weighed in on the matter, *see Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012) (declining to follow the "recent trend of heightened pleading standards" by applying *Iqbal* and *Twombly* to affirmative defenses), and the only precedent from this Circuit consists of an unpublished opinion issued by the United States Bankruptcy Court for the District of Columbia.  *In re Kochan*, 2012 WL 5384199 (Bkrtcy. D.D.C. Nov. 1, 2012) (same).

but also the structure and context of the statutory scheme of which it is a part).  This is especially true if the two rules employ different language.  *See Russello v. United States*, 464 U.S. 16, 23 (1983) (noting that statutes using different words should be interpreted differently).  Rule 8(a)(2) requires plaintiffs to file a complaint with a "*short and plain statement* of the claim *showing that the pleader is entitled to relief*."  FED. R. CIV. P. 8(a)(2) (emphasis added).  This language was central to the Supreme Court's reasoning in *Twombly* and *Iqbal*.  *See Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is *entitled to relief*.'") (emphasis added); *Iqbal*, 556 U.S. at 677–78 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an *entitlement to relief*.") (emphasis added).  Rule 8(c) omits these phrases.  Instead, Rule 8(c) simply asks that a defendant "affirmatively state" any affirmative defenses.  The fact that Rule 8(a) and Rule 8(c) use different language is a strong indication that the two rules should be interpreted differently.  *See, e.g.*, *Garber v. Mohammadi*, 2011 WL 2076341, at *4 (C.D. Cal. Jan. 19, 2011) ("Neither Rule 8(b) [which governs defenses generally] nor Rule 8(c) contains language that precisely corresponds to Rule 8(a)'s language requiring that the pleader 'show' that he is entitled to relief."); *First Nat. Ins. Co. of Am. v. Camps Servs., Ltd.*, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) ("No 'short and plain' language . . . appears within Rule 8(c), the applicable rule for affirmative defenses.  Thus, *Twombly*'s analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion [to strike] under Rule 8(c)."); *see* Kevin M. Clermont & Stephen C. Yeazell, *Inventing Tests, Destabilizing Systems*, 95 IOWA L. REV. 821, 829 n.34 (2010) ("The Court [in *Twombly* and *Iqbal*] was construing the word "showing" in Rule 8(a)(2)

governing claims, which does not appear in Rule 8(b) or (c) on answers, and was establishing a gatekeeping test for people trying to get into court, which does not bear on the opposing party.").

Second: plaintiffs and defendants do not share an equal footing when it comes to the speed with which they must craft their pleadings. A plaintiff chooses when to file the complaint, subject only to the statute of limitations. In most cases this allows for months or years of contemplation and investigation. In contrast, a defendant must typically submit an answer "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(i). Thus, defendants must assemble their response in relatively little time. *See Meas v. CVS Pharmacy, Inc.*, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011) (noting that it is unrealistic to "expect a defendant to investigate and to adequately prepare an answer containing all relevant affirmative defenses within 21 days of service of the complaint"); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) ("Whatever one thinks of *Iqbal* and *Twombly*, the 'plausibility' requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.").

Third: defendants may suffer greater consequences if they fail to raise certain defenses in their initial filings. In general, plaintiffs may freely amend their complaint to include additional legal theories, provided that the defendants would not be prejudiced by the amendment. FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Hanson v. Hoffmann, 628 F.2d 42, 53 (D.C. Cir. 1980) ("Unless a defendant is prejudiced on the merits by a change in legal theory, a plaintiff is not bound by the legal theory on which he or she originally relied."). In contrast, defendants have one shot or risk waiver. A defendant who does not initially raise certain defenses—lack of personal jurisdiction, improper venue, improper process, and improper service of process—cannot invoke those defenses later on. FED. R. CIV. P. 12(h)(1)

(noting that these defenses must be raised in a defendant's answer or motion to dismiss). Although certain other affirmative defenses can be raised in an amended answer, plaintiffs and defendants face different stakes when it comes to the early pleading of their legal theories. This differential treatment counsels against applying *Iqbal* and *Twombly* to defendants and plaintiffs alike.

Fourth: *Twombly* and *Iqbal* were motivated by a concern that baseless complaints could "open the gates to expensive discovery and force an extortionate settlement." *Leon v. Jacobson Transp. Co.*, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010); *see Twombly*, 550 U.S. at 558–59 (basing its holding in part on the notion that implausible claims may lead to astronomical discovery costs that will have the *in terrorem* effect of inducing defendants to settle). An affirmative defense cannot wreak similar havoc. Dismissing a complaint can relieve the other party of all litigation costs; striking an affirmative defense cannot. *Floridia v. DLT 3 Girls, Inc.*, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012). ("[W]hile a motion to dismiss can resolve a case, thereby avoiding discovery entirely, motions to strike only prolong pre-discovery motion practice . . . ."); *Lane v. Page*, 272 F.R.D. 581, 592–93 (D.N.M. 2011) ("Motions to dismiss help resolve cases; motions to strike, in most cases, waste everyone's time.").

Of course, defendants should not feel free to fire off "shotgun pleadings" or boilerplate defenses without deliberation. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) ("Boilerplate defenses clutter the docket and, further, create unnecessary

work."). At the same time, the court is wary that extending *Iqbal* and *Twombly* to Rule 8(c) might invite a torrent of time-consuming motions to strike. *Falley*, 787 F. Supp. 2d at 1259 (noting that applying *Twombly* and *Iqbal* to affirmative defenses would "encourage parties to bog down litigation by filing and fighting motions to strike answers or defenses prematurely"); *Lane v. Page*, 272 F.R.D. at 592–93 ("Applying *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* to affirmative defenses would also invite many more motions to strike, which achieves little . . . ."); *see also Shield Techs. Corp. v. Paradigm Positioning*, *LLC*, 2012 WL 4120440, at *8 (N.D. Ill. 2012) ("It would be a waste of scarce judicial resources to devote significant amounts of time evaluating affirmative defenses that may not affect the scope of discovery or the ultimate outcome of the case."). Thus, the costs associated with extending *Iqbal* and *Twombly* could outweigh the limited benefits.

Finally: a party faced with an incomprehensible or meritless affirmative defense is not left without a remedy. The Federal Rules of Civil Procedure already endow courts with an arsenal of tools to prevent defendants from cluttering the docket. Parties concerned with the prospect that vague affirmative defenses might needlessly expand the scope of discovery can turn to Rules 26(b)(2) and 26(c) to ensure that discovery remains narrowly tailored. *See In re Sealed Case (Med. Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998))). For serious offenders, Rule 12(f) allows courts to strike truly baseless or spurious affirmative defenses. *SEC v. Gulf & W. Indus. Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980) (holding that Rule 12(f) permits the court to strike an affirmative defense "if it is clear that [it] is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense"). And in the worst cases, courts may impose Rule

11 sanctions. FED. R. CIV. P. 11(c); see *also Twombly*, 550 U.S. at 593 n.13 (Stevens, J., dissenting) ("[S]hould it become apparent over the course of litigation that a plaintiff's filing bespeak an *in terrorem* suit, the district court has at its call its own *in terrorem* device, in the form of a wide array of Rule 11 sanctions.").

In sum, the court will decline the defendant's invitation to extend *Iqbal* and *Twombly* to Rule 8(c). *Twombly* and *Iqbal* interpreted Rule 8(a)(2), which employs different language, governs a different pleading, and affects a different stage of the litigation. Imposing the plausibility requirement to affirmative defenses would be a sea change for this court's practitioners; absent any compelling need for such a change, the court will leave Rule 8(c) undisturbed.

### III.  CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to strike. An order consistent with this memorandum opinion is separately issued this 26th day of November, 2012.

RUDOLPH CONTRERAS<br>
United States District Judge